UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IVAN GABRIEL ISLAS,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>BANK OF AMERICA,<br><br>　　　　　Defendant. | CASE NO. 2:24-cv-00493-JHC<br><br>ORDER |

# I
## INTRODUCTION

This matter comes before the Court sua sponte. The Court has examined self-represented Plaintiff Ivan Gabriel Islas's complaint (Dkt. # 6) and for the reasons discussed below DISMISSES it without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

# II
## BACKGROUND

On April 11, 2024, Plaintiff filed this case. Magistrate Judge Michelle L. Peterson granted Plaintiff in forma pauperis (IFP) status. Dkt. # 5. When reviewing an IFP complaint, dismissal is warranted if the Court determines that it is (i) frivolous or malicious; (ii) fails to state

ORDER - 1

a claim on which relief may be granted; or (iii) seeks relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)–(iii); *see Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

Plaintiff seems to allege that, during his time as a customer of Defendant Bank of America, he suffered discrimination and was defrauded.  The Court, liberally construing the complaint,[1] interprets Plaintiff to be asserting seven causes of action:

1. Fraud: Plaintiff appears to allege that from 2015–2019, there were various unauthorized transactions on his bank account and that Defendant did not notify him of any suspicious activity.  Dkt. # 6 at 7–10.  Plaintiff also claims that Defendant altered bank statements to conceal these unauthorized transactions.  *Id.*  Plaintiff asserts that Defendant provided unauthorized persons copies of his debit card and failed to record how many cards were issued.  *Id.* at 7–9.  Plaintiff says that he lost $64,000 and that this caused his mental health issues and homelessness.  *Id.* at 7–8, 10.

2. Discrimination: Plaintiff alleges discrimination based on being unhoused after Defendant refused to investigate his concerns of suspicious activity on his account.  *Id.*

3. Negligence: Plaintiff alleges that Defendant acted negligently by not safeguarding his funds and by failing to investigate the unauthorized transactions.  *Id.* at 7.

---

[1] Courts must liberally construe self-represented filings.  *Jackson v. Barnes*, 749 F.3d 755, 763–64 (9th Cir. 2014) (citation omitted).

ORDER - 2

4. Patriot Act Violation: Plaintiff alleges that Defendant "violated section 326 of the [U.S.] Patriot [A]ct [that] requires all financial institutions to obtain, verify, and record information that identifies each person who opens an account." *Id.* at 8.

5. Data Protection Act Violation: Plaintiff asserts that Defendant provided "no timely notifications violating [Section] 34 of the [D]ata [P]rotection [A]ct when data breach is likely to [occur]." *Id.*

6. Consumer Rights Violation: Plaintiff asserts that Defendant violated the "[C]onsumer [R]ights [S]ection 1034 [by] not providing requested information." *Id.*

7. Americans with Disabilities Act (ADA) Violation: Plaintiff says that Defendant has been "violating ADA compliance section 508." *Id.* at 9.

Plaintiff alleges that he struggles with mental health issues and emotional distress as a result of Defendant's unlawful actions. *Id.* at 7–10. Plaintiff also says that his reputation has been tarnished because of the struggles of being unhoused. *Id.* at 7, 9. Plaintiff seeks one hundred "million total for everything [he] had to go through and as restitution for the financial losses." *Id.* at 10.

### III
#### DISCUSSION

Federal Rule of Civil Procedure Rule 8 requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Though Rule 8 does not demand detailed factual allegations, it does require "more than an unadorned, the defendant unlawfully-harmed-me accusation." *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Simply stating the elements of a cause of action and then supporting it by mere conclusory statements does not suffice. *See id.* A complaint "must contain

ORDER - 3

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* A plausible claim is where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[,]" and is "context specific, requiring the court to draw on its experience and common sense." *Id.* at 664–65. Courts must accept all well-pleaded factual allegations as true and view the fact in the light most favorable to the pleading party, *see Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), but this rule does not apply to legal conclusions. *See Iqbal*, 556 U.S. at 678.

Even when liberally construing Plaintiff's claims, the complaint suffers from various deficiencies, which the Court addresses in turn.

Plaintiff's first cause of action for fraud triggers Federal Rule of Procedure 9(b), which imposes a higher pleading standard. *See* Fed. R. Civ. P. 9(b). "To comply with Rule 9(b), allegations of fraud must be 'specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that have done anything wrong.'" *In re Finjan Holdings, Inc.*, 58 F.4th 1048, 1057 (9th Cir. 2023) (quoting *Bly-Magee v. California*, 236 F3d. 1014, 1019 (9th Cir. 2001)). The complaint must specify "the times, dates, places, benefits received, and other details of the alleged fraudulent activity." *Id.* at 1057 (quoting *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993)). Although Plaintiff gives a general timeframe of the alleged fraudulent conduct, he does not offer sufficiently specific allegations to meet the Rule 9(b) standard. Dkt. # 6 at 7–10.

Next, Plaintiff's second and third causes of action allege discrimination and negligence. For these claims, he provides mere conclusory statements, failing to provide sufficient facts to state claims that are plausible on their face. *Id.* at 7–8; *see Iqbal*, 556 U.S. at 678.

ORDER - 4

For causes of action four, five, and seven, the laws Plaintiff cites do not correspond to the claims he is making. For example, Plaintiff cites to "section 326" of the "Patriot [A]ct," but this statute does not apply to his alleged circumstances. Dkt. # 6 at 8; *see* 31 U.S.C. § 5326 (granting authority to the Secretary of the Treasury to order financial institutions to obtain records of any monetary transaction from customers). It is also unclear whether Plaintiff's inclusion of the "[D]ata [P]rotection [A]ct" is meant to refer to the Digital Accountability and Transparency Act of 2014 (DATA Act). Dkt # 6 at 8; *see* Digital Accountability and Transparency Act of 2014, Pub. L. 113-101, 128 Stat. 1146. If so, the Court notes that the statute does not contain the section cited by Plaintiff and instead deals with government spending, a topic unrelated to the claims presented in the complaint. *See* Dkt. # 6 at 8; *see* Digital Accountability and Transparency Act of 2014, Pub. L. 113-101, 128 Stat. 1146. Finally, Plaintiff seems to reference Section 508 of the ADA. Dkt. # 6 at 9; Americans with Disabilities Act of 1990, Pub. L. 101-336, 104 Stat. 374 (codified as amended at 42 U.S.C. § 12207). Yet the section Plaintiff cites does not apply to his alleged circumstances. *See* 42 U.S.C. § 12207 (discussing wilderness land management practices and accessibility for individuals with disabilities).

Lastly, as for the sixth cause of action, Plaintiff says that Defendant violated his consumer rights and cites "section 1034" of the "consumer rights[.]" Dkt. # 6 at 9. The Court interprets this to be a reference to the Consumer Financial Protection Act of 2010. *See* 12 U.S.C. § 5534. This section of the statute imposes a duty on financial institutions to timely respond to consumer's concerns. *See id.* But Plaintiff's claim falls short because he does not provide a sufficient factual basis from which the Court may draw reasonable inferences that Defendant violated this statute. *See Iqbal*, 556 U.S. at 664.

ORDER - 5

## IV

### CONCLUSION

For the foregoing reasons, the Court concludes that the complaint does not allege facts sufficient to establish any plausible claims, and thus fails to state a claim upon which relief can be granted. Under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court DISMISSES without prejudice claims 1–7 for failure to state a claim with leave to amend within fourteen (14) days of the filing of this order. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (when a court dismisses a self-represented plaintiff's complaint, the court must give the plaintiff leave to amend "[u]nless it is absolutely clear that no amendment can cure the defect" in the complaint). If Plaintiff's amended complaint fails to correct the noted deficiencies or fails to meet the required pleading standard, the Court will dismiss this matter with prejudice.

Dated this 1st day of July, 2024.

John H. Chun
United States District Judge